IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

```
STATE OF MISSOURI; STATE OF      *
GEORGIA; STATE OF ALABAMA;       *
STATE OF ARKANSAS; STATE OF      *
FLORIDA; STATE OF NORTH          *
DAKOTA; and STATE OF OHIO,       *
                                 *
     Plaintiffs,                 *
                                 *
          v.                     *   CV 224-103
                                 *
UNITED STATES DEPARTMENT OF      *
EDUCATION; MIGUEL A. CARDONA,    *
in his official capacity as      *
Secretary, United States         *
Department of Education; AND     *
JOSEPH R. BIDEN, JR., in his     *
official capacity as President   *
of the United States,            *
                                 *
     Defendants.                 *
```

## O R D E R

Before the Court is Plaintiffs' motion for a stay / preliminary injunction / temporary restraining order ("TRO"). (Doc. 5.) Upon due consideration, the Court **GRANTS** Plaintiffs' motion for TRO.

### I. BACKGROUND

On September 3, 2024, Plaintiffs filed a complaint for declaratory and injunctive relief. (Doc. 1.) Simultaneously, they filed the currently pending combined motion for stay,

preliminary injunction, and TRO. (Doc. 5.)[1] Plaintiffs are various States seeking emergency relief after uncovering documents providing that the Secretary of Education (the "Secretary") is unlawfully trying to mass cancel hundred of billions of dollars of student loans and has quietly instructed federal contractors to do so "immediately," starting as early as September 3, 2024. (Doc. 1, at 1.) Plaintiffs have obtained documents revealing the Secretary is implementing this forgiveness plan, the Third Mass Cancellation Rule (the "Rule"), without publication and has been set on doing so since May. (Doc. 5, at 3.) Plaintiffs represent the Rule suffers from a "bevy of defects" and attempts to evade existing injunctions issued for previous plans. (Id. at 4-5.) As such, Plaintiffs request the Court hastily issue relief against the Rule in its entirety to prevent the unlawful implementation of it and to avoid the enormous economic consequences possible if the Rule takes effect before judicial review. (Id. at 51-54.)

## II. DISCUSSION

To obtain a TRO, "a movant must show: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the

---

[1] Plaintiffs also filed a motion for leave to file excess pages for their memorandum in support of their combined motion. (Doc. 4.) Upon due consideration, Plaintiffs' request (Doc. 4) is **GRANTED**, and the Court considers the entire brief, despite it exceeding the usual 26-page limit imposed by the Local Rules. L.R. 7.1(a), S.D. Ga.

threatened injury outweighs the harm the [TRO] would inflict on the non-movant; and (4) that the [TRO] would not be adverse to the public interest." GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 38 F. Supp. 3d 1365, 1369 (N.D. Ga. 2014), aff'd, 788 F.3d 1318 (11th Cir. 2015). A TRO "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (citation omitted). TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974).

The Court finds Plaintiffs have standing and successfully satisfy the elements for issuance of a TRO. This suit may proceed "[i]f at least one plaintiff has standing." Biden v. Nebraska, 143 S. Ct. 2355, 2365 (2023) (citation omitted). The Rule harms Plaintiff State of Missouri through financial injury to its instrumentality, the Higher Education Loan Authority of the State of Missouri ("MOHELA"). Id.; (Doc. 5, at 24.) MOHELA is a Missouri public instrumentality that is paid to service federal student loans, and for the same reasons the Supreme Court found standing

3

in <u>Biden v. Nebraska</u>, the Court finds Missouri has standing here. <u>See</u> 143 S. Ct. at 2365-66.

Turning to the TRO elements, Plaintiffs show a substantial likelihood of success on the merits given the Rule's lack of statutory authority, and the Secretary's attempt to implement a rule contrary to normal procedures. This is especially true in light of the recent rulings across the country striking down similar federal student loan forgiveness plans.

Next, Plaintiffs show they will suffer irreparable injury. If the Rule goes into effect, Defendants will unlawfully cancel billions of dollars in student loans, causing MOHELA and others similarly situated to lose administrative servicing fees they would have received from accounts being closed or balances being reduced. (Doc. 5, at 47-48.) Further, the harm is irreparable because "the States cannot turn back the clock on any loans that have already been forgiven." <u>Missouri v. Biden</u>, No. 24-2332, 2024 WL 3738157, at *4 (8th Cir. Aug. 9, 2024) (citation omitted).

Plaintiffs show the threatened injury outweighs the harm the TRO would inflict on Defendants. Plaintiffs' harm is imminent and immediate as outlined above, and Defendants' only potential harm is a pause in implementing the Rule. The purpose of a TRO is to maintain the status quo until the Court can reach the final merits of the suit. <u>Granny Goose Foods, Inc.</u>, 415 U.S. at 439. Thus, Plaintiffs' risk of harm far outweighs the risk to Defendants of

4

a temporary pause to maintain the status quo. This ties in with the fourth element, showing that the TRO would not be adverse to the public interest because of the constitutional implications of the Rule, as well as the financial implications of mass loan forgiveness on American taxpayers. Accordingly, Plaintiffs have shown they are entitled to a TRO. As a TRO is to preserve the status quo, and this TRO is based on the record as it currently exists, the determinations made by the Court are not final and may change after additional facts are presented, the issues of law are further developed, and the Court has an opportunity to conduct a more thorough analysis of the legal issues presented.

### III. CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' motion for TRO (Doc. 5) is **GRANTED**. Defendants are **TEMPORARILY RESTRAINED** from implementing the Third Mass Cancellation Rule. Further, Defendants are **RESTRAINED** from mass canceling student loans, forgiving any principal or interest, not charging borrowers accrued interest, or further implementing any other actions under the Rule or instructing federal contractors to take such actions. This Order applies to all of Defendants' officers, agents, employees, attorneys, and other persons in active concert or participation with them.

Further, the Court has exercised its discretion to determine that no bond shall be required. This Order shall be **EFFECTIVE IMMEDIATELY** and will remain in effect for **FOURTEEN DAYS**, unless extended by Order of this Court.

**IT IS FURTHER ORDERED** that the Court has scheduled a hearing on this matter via videoconference[2] for **WEDNESDAY, SEPTEMBER 18, 2024 at 10:00 A.M.** unless the Parties mutually agree to conduct the hearing in person at the United States District Court, Courtroom 2 – located at 600 James Brown Boulevard, Augusta, GA 30901. In anticipation of this hearing, Defendants **SHALL FILE** any response to Plaintiffs' motion by **5:00 P.M. on TUESDAY, SEPTEMBER 10, 2024** and Plaintiffs **SHALL FILE** any reply by **5:00 P.M. on FRIDAY, SEPTEMBER 13, 2024.**

**ORDER ENTERED** at Augusta, Georgia, this 5th day of September, 2024 at 10:30 A.M.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will provide the Parties with dial-in instructions via email before the hearing.