# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

STATE OF MISSOURI, *et al.*,

        *Plaintiffs*,

    v.

UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,

        *Defendants*.

Case No. 2:24-cv-00103-JRH-CLR

## DEFENDANTS' MOTION FOR CLARIFICATION OF TEMPORARY RESTRAINING ORDER

Alongside their complaint, Plaintiffs filed an emergency motion for a temporary restraining order one week ago. As support, Plaintiffs relied on documentation of the Department of Education's change request process, which they believed showed that the Department was poised to begin immediate forgiveness of student loans under an April 2024 notice of proposed rulemaking (NPRM) related to student debt relief (SDR). Two days later, on the basis of Plaintiffs' filings and arguments alone, the Court granted Plaintiffs' motion for a TRO. The Court credited Plaintiffs' allegations that the documentation showed that the Department had instructed its servicers to cancel hundreds of billions of student loans immediately, starting as early as September 3, 2024, and found that the requirements for a TRO were satisfied as a result. TRO at 2-5, ECF No. 17. The Court issued an order temporarily restraining Defendants "from implementing the Third Mass Cancellation Rule," *id*. at 5, a term Plaintiffs used to refer to the NPRM, *see* Mot. at 11, ECF No. 5. The Court added that "Defendants are RESTRAINED from mass canceling student loans, forgiving any principal or interest, not charging borrowers accrued interest, or further implementing any other actions under the Rule or instructing federal contractors to take such actions." TRO at 5. The Court's order is in effect for fourteen days. *Id*. at 6.

However, as detailed in Defendants' response to Plaintiffs' motion, filed concurrently with

this motion, Plaintiffs misinterpreted the documents. The change requests and accompanying emails reflect the process the Department undertook to prepare itself and its servicers to implement a possible final rule—which has not been published—not, as Plaintiffs erroneously contended, an intent to discharge student loan debt prior to the finalization of a rule. Even though the work was only preparatory, and the servicers had not been instructed to discharge any debt under the NPRM, the Department, shortly after receiving the Court's order and out of an abundance of caution, issued stop-work orders to its servicers requiring them to cease activities related to Change Requests 7037 and 7109. *See* Ex. 2 to Defs.' Br. in Opposition to Pls.' Mot. for TRO, ECF No. 35.

Defendants believe the Court intended for its September 5 order to prevent the injury Plaintiffs alleged they would imminently suffer, *i.e.*, harms purportedly stemming from the discharge of student loan debt. Mot. at 45-47 (claiming to face impending irreparable injury from loan forgiveness, including lost servicing revenues, forgone tax revenue, and lost interest income); *see also* TRO at 2 ("Plaintiffs request the Court hastily issue relief against the Rule in its entirety . . . *to avoid the enormous economic consequences possible* if the Rule takes effect before judicial review." (emphasis added)). Although the order addresses those asserted harms by enjoining the forgiveness of any principal or interest, and not charging borrowers accrued interest, it appears to sweep more broadly by enjoining any implementation of the "rule" as characterized by Plaintiffs.

Defendants respectfully request that the Court clarify, based on the more complete record now before it, that the order does *not* prohibit Defendants from (1) continuing their preparatory work with servicers to ensure that they are prepared to implement a final SDR rule once published, or (2) eventually promulgating a final rule itself.[1] Whether or not the Court grants this motion, while the Court's September 5 order remains in effect, the Department will not "cancel[] student loans, forgiv[e] any principal or interest," or "not charg[e] borrowers accrued interest" under the NPRM or any final SDR rule, including after any final rule is published. *See* TRO at 5.

---

[1] Earlier today, counsel for Defendants emailed counsel for Plaintiffs to request Plaintiffs' position on this motion. Plaintiffs' counsel did not respond, as of the time of this filing.

| | |
|---|---|
| Dated: September 10, 2024 | Respectfully submitted, |
| JILL E. STEINBERG<br>United States Attorney<br>Southern District of Georgia | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>MARCIA BERMAN<br>Assistant Branch Director |
| */s/ Shannon H. Statkus*<br>SHANNON H. STATKUS<br>Assistant United States Attorney<br>South Carolina Bar No. 70410<br>Post Office Box No. 2017<br>Augusta, Georgia 30903<br>Tel.: (706) 724-0517 | */s/ Simon G. Jerome*<br>STEPHEN M. PEZZI<br> D.C. Bar No. 995500<br> Senior Trial Counsel<br>SIMON GREGORY JEROME<br> D.C. Bar. No. 1779245<br> Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Tel.: (202) 514-2705<br>Email: simon.g.jerome@usdoj.gov<br><br>*Counsel for Defendants* |